IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE J. HARRIS | ) | CASE NO.  1:10CV2000 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Lawrence J. Harris ("Harris"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He states in his Petition that he is serving a sentence of 78 months for conspiracy, health care fraud, and false statements imposed in the United States District Court for the Northern District of Ohio. *United States v. Harris*, Case No. 1:05CR0174.  Harris requests that this Court order the Bureau of Prisons ("BOP") to consider whether he should be awarded a 12 month Residential Re-entry Center ("RRC") placement using the five factors set forth in 18 U.S.C. § 3621(b).  His projected release date is January 21, 2012.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct.  22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001).  Since Harris is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007);  *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999).  For the reasons

set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). Administrative remedies available to inmates confined in BOP institutions, are set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) requires that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If unsuccessful, he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located, and then to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15(a)-(b).

For the last two appeal levels, the Regional Director has 30 days to respond and General Counsel, 40 days. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.  See McIntosh v. Hickey*, 2010 WL 1959308, * 2 -3 (E.D. Ky., May 17, 2010).

Harris asserts that he should be allowed to file this action without exhausting the administrative appeal process because to do so would be futile. The Director of the BOP, Harley Lappin, allegedly stated publically on July 13, 2008, that he does not support anyone going to an RRC for more than six months. Exhibit 5 attached to the Petition shows that Harris began the appeal

2

process after denial of an extended RRC placement. There is no indication the he completed the

appeal requirements.

The final decision is made by the General Counsel not the Director of the BOP. There is

nothing in the Petition, except, speculation,  indicating that the General Counsel would rule as the

Director of the BOP desires. Because the BOP must consider certain factors in determining RRC

placement even if the Court orders it to do so, the Court cannot say definitely  that the administrative

remedy would be futile, or even likely so. As discussed below, placement of an inmate in a RRC is

discretionary based on certain criteria, and an inmate must use the administrative procedure to appeal

any challenged exercise of that discretion. While the Court can address the BOP's refusal to exercise

its discretion, it cannot order a specific length of RRC placement.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall

"ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that

term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable

opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result

of this statute and the new 12-month maximum placement, the BOP issued guidance directing that

"inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected

release dates." *Ramirez v. Eichenlaub,* 2008 WL 4791892, 3 (E.D. Mich., Oct. 30, 2008) (quoting

*Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir.2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not

have a federal right to serve the final twelve months of his sentence in a RRC. While the Second

Chance Act allows the BOP to place an inmate in a RRC for as much as twelve months of his

sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis*

*v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May

17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve

month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as

a result of the Second Chance Act, the decision to place an inmate in pre-release community

confinement is discretionary and will be "determined on an individual basis" according to the factors

in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73

Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh*, 2010 WL 1959308 at * 3.

Whether to place an inmate in a RRC is determined on an individual basis using the

following criteria:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence;
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to
> section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5).  These factors must be used in deciding whether to allow Harris the

extended RRC placement. This Court does not have the authority to decide RRC placement, a

decision that is discretionary. At best, the Court could order the BOP officials to consider Harris for

placement employing these criteria. In the Response to Harris's appeal, the Regional Director stated

that the above criteria were weighed to evaluate whether he would receive RRC placement. The fact

that the analysis may not  have been explicit does not render Respondent in violation of the Second

Chance Act. *See Keeper v. Lappen*, 2010 WL 1980202 * 5 (N.D. Ohio, May 18, 2010).

Accordingly, this action is dismissed. *See* 28 U.S.C. § 2243. The Court finds that Harris has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED

**s/ Kathleen M. O'Malley**
JUDGE KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  October 29, 2010